OPINION OF THE COURT
Jaime A. Rios, J.
On a motion by petitioner City of New York for a writ of assistance pursuant to Eminent Domain Procedure Law § 405 (A) directing Fine Foods Wholesale Distributors, Inc. also known as Fair Price Customers Cut Meat to vacate the premises known as 137-44 94th Avenue (block 9990, lots 34 and 35), Queens, New York, and directing the Sheriff of the City of New York to put the City of New York into possession of the premises, it is ordered that the motion is determined as follows:
On February 20, 2013, petitioner City of New York became vested with title to a parcel of property where Fine Foods operates a poultry and meat processing business as a tenant. Petitioner seeks possession of the property in furtherance of the Atlantic Avenue Extension project, which, among other things, will extend Atlantic Avenue and create three public parks. Petitioner asserts that it made a condemnation award available for advance payment to the tenant for fixtures, and served a 30-day notice on or about April 29, 2013 terminating the tenancy of Fine Foods.
Fine Foods appears in opposition to the motion, asserting that the application is premature because petitioner City of New York obtained the order to show cause on June 21, 2013, prior to the City’s making of the advance payment available to it on June 24, 2013. Fine Foods also asserts that petitioner City of New York failed to serve a 90-day written notice to vacate pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (42 USC § 4601 et seq.) (the Uniform Relocation Act), and the corresponding federal regulations (see 49 CFR 24.1 et seq.). Fine Foods further asserts that there is no reason for imminent possession by the City, the City has not provided any meaningful relocation assistance or payment of relocation expenses, and it should be given an opportunity to have a trial on the issue of the adequacy of any advance payment before issuance of the writ.
A showing of necessity for possession of the property by a condemnor is not required before a writ of assistance may be *820 granted pursuant to EDPL 405 (A) (see New York State Urban Dev. Corp. v MJM Exhibitors, 193 AD2d 523 [1st Dept 1993], lv dismissed 82 NY2d 748 [1993]). The only prerequisite to such relief is the payment by the condemnor to the condemnee of the advance payment (id.). In this instance, the City complied with the condition precedent to an application for a writ of assistance by providing its notice dated June 14, 2013 to Fine Foods that a condemnation award was available for payment. To rule otherwise would allow a claimant to delay the condemnor’s exercise of its right to gain possession of the property. Furthermore, even assuming a showing of necessity was required, the City has demonstrated its need for the premises to be vacated to commence demolition of the existing buildings and clear the site for development, and thereby avoid the loss of federal funds by which the project is to be partially financed.
It is undisputed that the City must comply with the Uniform Relocation Act and corresponding federal regulations because the project is federally funded in part, and that service of a 90-day written notice to vacate must be provided by the City as the displacing agency to a lawful occupant scheduled to be displaced (see 49 CFR 24.203). To the extent counsel for Fine Foods asserts <£[n]o ninety day notice [in compliance with 49 CFR 24.203] was made in this case,” he makes no claim of nonreceipt of the notice based upon personal knowledge, and, thus, his statement, standing by itself, is insufficient to raise a question of fact as to whether the notice was served upon Fine Foods. The City, moreover, has adequately demonstrated that it provided a timely notice dated October 11, 2012 to Fine Foods which complies with the requirements provided in 49 CFR 24.203 (c) (3).[1] The Uniform Relocation Act and the corresponding federal regulations include no requirement that the displacing agency delay the service of the 90-day notice until after advance payment is made. The City also has demonstrated that it provided assistance to Fine Foods through Cornerstone Group Real Estate Services, in an effort to find a new location for Fine Foods’ business, and through OR Colan Associates, in an effort to estimate moving costs and coordinate the filing of requests for reestablishment payments. As of the time of the making of *821 this application, the City had provided Fine Foods with information regarding 22 different possible sites for relocation.[2]
That an issue may exist as to whether the advance payment amount is adequate does not constitute a basis for delaying the issuance of a writ of assistance pursuant to EDPL 405 (A) (see New York State Urban Dev. Corp. v MJM Exhibitors, 193 AD2d 523 [1993]). Fine Foods’ claim apparently did not include a schedule of fixture items (see letter of Holly R. Gerstenfeld, Assistant Corporation Counsel, dated Mar. 20, 2013; EDPL 503 [C]; 504 [C] [a condemnee making a claim for compensation for fixtures or for any interest other than the fee in the real property acquired must submit a notice of claim, together with a schedule of fixture items, where applicable]). The court notes to the extent the City intends to demolish the buildings on the property, any claim for compensation for fixtures and trade fixtures would require appraisals to be accomplished prior to the demolition.
Accordingly, the application is granted. It is hereby ordered and adjudged that the City of New York is awarded sole possession of the property located at 137-44 94th Avenue (block 9990, lots 34 and 35), Queens, New York, and Fine Foods together with its agents and/or employees are directed to vacate the premises to the extent they have not already done so, on or before October 30, 2013; and it is further ordered that upon service of a copy of this order with notice of entry, possession of the premises shall be restored to the City by Fine Foods; and it is further ordered that Fine Foods and all persons claiming possession or any right to possession under, by or through Fine Foods are hereby excluded from possession of the premises; and it is further ordered that upon service of a copy of this order with notice of entry and payment of any required fees, the Sheriff of the County of Queens, and/or a marshal of the City of New York, shall remove Fine Foods and all persons claiming possession or any right of possession under, by or through Fine Foods from the aforementioned premises, and the said Sheriff or marshal shall deliver the premises to the City; and it is further ordered that execution of this order shall be stayed until October 31, 2013.

. CPLR 2214 (c) allows a party to make an application to submit surreply papers upon a showing of good cause. Fine Foods has made no such application to submit any affidavit in surreply to refute the City’s showing relative to service of the 90-day notice.

. Fine Foods deemed one of the sites suitable for its purposes, but has determined that the site is available for purchase only, at a sale price it cannot afford.